Manuel A. Osete ESPINOZA,
Petitioner—Appellant,

v.

Sylvia Felix OSETE, Intervenor—
Appellee,

Tony Estrada, Respondent—Appellee.

No. 05-15283.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 20, 2005.

Enrique R. Gonzales, Nogales, AZ, for
Petitioner—Appellant.

Michael Joseph Massee, Esq., Nogales,
AZ, for Respondent—Appellee.

Before: TROTT, T.G. NELSON, and
PAEZ, Circuit Judges.

MEMORANDUM *

Petitioner–Appellant Manuel A. Osete
Espinoza appeals the Arizona district
court's denial of his 28 U.S.C. § 2254 peti-
tion on two grounds. We have jurisdiction
under 28 U.S.C. § 2253, and we affirm.[1]

 Espinoza's first ground—that the
Arizona Superior Court's decision that he

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

1. At oral argument, Sylvia Felix Osete, the
real party in interest in this case, affirmatively
waived the issue of whether Espinoza had

could pay his bail was unreasonable in light of the evidence—fails. Evidence adduced at the state court hearing showing that Espinoza refused his daughter's offer to sell his property to pay his bail belies Espinoza's claim that he cannot generate funds while in prison. The record further showed that Espinoza was able to obtain cash to give to his daughter and to deposit cash into her bank account while in prison. In addition, Espinoza points to no evidence explaining the whereabouts of the $420,000 he removed from his joint bank account with his ex-wife, or challenging the state court's findings that he continues to control lucrative businesses in Mexico. Espinoza's mere allegations that he cannot work or sell his assets from prison do not satisfy his heavy burden under § 2254(d)(2)'s highly deferential standard.[2] Thus, we cannot conclude that the state court's decision was unreasonable in light of the evidence the parties presented.[3] Accordingly, we affirm on this ground.

■ Espinoza's second ground also fails because the state court's decision was nei-

ther contrary to, nor an unreasonable application of, *International Union, United Mine Workers of America v. Bagwell.*[4] The state court correctly concluded that Espinoza's contempt order was coercive, not punitive, because he had the ability to purge it.[5] Espinoza's contempt is indistinguishable from the "paradigmatic" civil contempts discussed in *Gompers v. Buck's Stove & Range Co.*,[6] and his bail amount was intended to compensate his ex-wife for his failure to pay her the monthly maintenance amounts pursuant to the couple's separation decree.[7] In light of the state court's finding that Espinoza was capable of paying his bail, we cannot conclude that his contempt was serious enough to be punitive.[8] Thus, the state court's decision that Espinoza's contempt was coercive was not contrary to *Bagwell.*[9] Consequently, we affirm on the second ground.

AFFIRMED.

---

exhausted his state remedies. *See* 28 U.S.C. § 2254(b)(1), (3).

**2.** *See Lambert v. Blodgett,* 393 F.3d 943, 972 (9th Cir.2004).

**3.** *See Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (stating that the " 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous .... [but] objectively unreasonable"); *see also Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir.2004) (stating that "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable").

**4.** 512 U.S. 821, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); 28 U.S.C. § 2254(d)(1).

**5.** *Bagwell,* 512 U.S. at 837, 114 S.Ct. 2552 (holding that a court's imposition of a fine is punitive if the contemnor has no opportunity

to purge it through some action other than full payment once imposed).

**6.** 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797 (1911) (explaining that a court's indefinite confinement of a contemnor until he complies with its order to pay alimony is coercive, not punitive); *see Bagwell,* 512 U.S. at 837, 114 S.Ct. 2552.

**7.** *See Bagwell,* 512 U.S. at 829, 114 S.Ct. 2552 (citing *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947) for the proposition that a fine intended to compensate the victim for her losses as a result of the contemnor's failure to comply with a court order is coercive, not punitive).

**8.** *See id.* at 837–38, 114 S.Ct. 2552 & n. 5.

**9.** *See Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003) ("A decision is contrary to clearly established federal law if it fails to

apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result.").